UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

CIVIL ACTION NO. 08-355-DLB

EDWARD C. SLUSHER                                                                           PLAINTIFF


vs.                          **MEMORANDUM OPINION & ORDER**


MICHAEL J. ASTRUE, Commissioner
SOCIAL SECURITY ADMINISTRATION                                                    DEFENDANT

* * * * * * *

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security. The Court, having reviewed the record and the parties' dispositive motions, will affirm the Commissioner's decision, as it is supported by substantial evidence.

**I.      FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff Edward Slusher filed applications for disability insurance benefits (DIB) and supplemental security income (SSI) payments on January 26, 2006. (Tr. 50-52, 277-79). At the time of filing, Plaintiff was 55 years old and alleged a disability onset date of November 1, 2005. (Tr. 50, 277). He asserts he is disabled due to diabetes, vision problems, memory loss, and swelling in his feet. (Tr. 70, 81-83). His application was denied initially and on reconsideration. (Tr. 39-42, 43-45). At Plaintiff's request, an administrative hearing was conducted on April 23, 2007, by Administrative Law Judge (ALJ) Ronald M. Kayser. (Tr. 285-328). On May 14, 2007, the ALJ ruled that Plaintiff was not disabled and therefore not entitled to DIB or SSI payments. (Tr. 17-25). This decision

became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review on August 15, 2008. (Tr. 8-8B).

On August 30, 2008, Plaintiff filed the instant action. (Doc. #1). The matter has culminated in cross-motions for summary judgment, which are now ripe for adjudication. (Docs. #11, 12).

## II. DISCUSSION

### A. Overview of the Process

Judicial review of the Commissioner's decision is restricted to determining whether it is supported by substantial evidence and was made pursuant to proper legal standards. *See Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). "Substantial evidence" is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* Courts are not to conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations. *See id.* Rather, we are to affirm the Commissioner's decision, provided it is supported by substantial evidence, even if we might have decided the case differently. *See Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999). Moreover, even if there is evidence favoring Plaintiff's side, the Commissioner's findings must be affirmed if supported by substantial evidence. *Listenbee v. Sec'y of Health & Human Servs.*, 846 F.2d 345, 349 (6th Cir. 1988). Similarly, an administrative decision is not subject to reversal merely because substantial evidence would have supported the opposite conclusion. *Smith v. Chater*, 99 F.3d 780, 781 (6th Cir. 1996).

The ALJ, in determining disability, conducts a five-step analysis. Step 1 considers

whether the claimant is still performing substantial gainful activity; Step 2, whether any of the claimant's impairments, alone or in combination, are "severe"; Step 3, whether the impairments meet or equal a listing in the Listing of Impairments; Step 4, whether the claimant can still perform his past relevant work; and Step 5, whether significant numbers of other jobs exist in the national economy which the claimant can perform. As to the last step, the burden of proof shifts from the claimant to the Commissioner. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003); *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

**B.     The ALJ's Determination**

At Step 1, the ALJ found that Plaintiff has not engaged in substantial gainful activity since the alleged onset date of disability. (Tr. 19). At Step 2, the ALJ determined Plaintiff's diabetes mellitus type 1; mild background diabetic retinopathy; and substance abuse (alcohol and cocaine), in reported remission to be "severe" impairments within the meaning of the regulations. (Tr. 19).

At Step 3, the ALJ concluded that Plaintiff does not have an impairment or combination of impairments that meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 20). Specifically, the ALJ evaluated Plaintiff's mental status under Listings 12.04 (Affective Disorders) and 12.09 (Substance Addiction Disorders), concluding that Plaintiff did not meet or equal the requirements of any listing. (Tr. 20-21).

At Step 4, the ALJ found that Plaintiff retains the residual functional capacity (RFC) to perform a wide range of medium work. (Tr. 21). Specifically, the ALJ found that Plaintiff can "lift/carry 50 pounds occasionally, 25 pounds frequently; stand and/or walk 6 hours in

an 8-hour workday; sit 6 hours in an 8-hour workday" and "can perform the mental demands of unskilled work." (Tr. 21).

Based upon these findings, the ALJ determined that Plaintiff's non-exertional limitations prevented him from performing his past relevant work as a Parks and Recreation mower operator, liquor store manager and truck driver. (Tr. 24). At Step 5, the ALJ considered the Plaintiff's age, education, work experience, and RFC in conjunction with the Medical-Vocational Guidelines and testimony by a vocational expert to conclude that there exist a significant number of jobs in the national economy Plaintiff can perform despite his functional limitations, such as laborer packer and bench assembly. (Tr. 24-25). Consequently, the ALJ found the Plaintiff has not been under a disability as defined by the Social Security Act. (Tr. 25).

**C.   Analysis**

Plaintiff advances two arguments on appeal. First, Plaintiff argues that the RFC articulated by the ALJ is not supported by substantial evidence because the ALJ rejected, without proper explanation, the findings of consultative psychologist Gary C. Stewart. Second, Plaintiff contends that, because the ALJ found Plaintiff's past substance abuse to be a severe impairment, he erred in failing to evaluate Plaintiff's claim under 20 C.F.R. §§ 404.1535, 416.935. Each of these arguments will be addressed in turn.

**1.   Opinion of Consultative Psychologist Gary C. Stewart**

Plaintiff contends that the ALJ improperly rejected the opinion of consultative psychologist Gary C. Stewart regarding Plaintiff's reliability and ability to deal with work stresses. Further Plaintiff asserts that the ALJ "failed to provide a proper explanation" why Dr. Stewart's findings were rejected.

4

Plaintiff's argument fails for two reasons. First, the ALJ did not wholly reject Dr. Stewart's report; on the contrary, he discussed Dr. Stewart's findings during his evaluation of whether Plaintiff's alleged mental impairments met or equaled Listing 12.04 (Affective Disorders), and incorporated into his analysis Dr. Stewart's opinions regarding Plaintiff's social functioning and ability to sustain focused attention to permit completion of work-related tasks. (Tr. 21) ("Dr. Gary Stewart, Ph.D., assessed the claimant has a fair ability to work with the general public and to respond to supervision. . . . The Administrative Law Judge is therefore persuaded that he has 'moderate' limitations in this area.").

Although the ALJ incorporated Dr. Stewart's opinion into his analysis of Plaintiff's reported impairments under Listing 12.04, the ALJ did explicitly reject Dr. Stewart's findings during his evaluation of Plaintiff's RFC. Specifically, the ALJ rejected Dr. Stewart's assessment because it was based upon Plaintiff's subjective - and possibly self-serving - appraisal of his own limitations, and because the medical evidence in the record established that Plaintiff had lied to Dr. Stewart about his past substance abuse.

> As for the opinion evidence, the Administrative Law Judge rejects the assessment by consulting psychologist, Dr. Gary C. Stewart, as it is based on the claimant's reports of depression over inability to work and live independently. The claimant reported no problems related to alcohol use and stated he never used illicit drugs. The claimant later admitted that he used cocaine on December 25, 2005, and December 24, 2006.

(Tr. 23). Contrary to Plaintiff's assertions, the ALJ was entitled to reject Dr. Stewart's opinion. *See Young v. Sec'y of Health & Human Servs.*, 925 F.2d 146, 151 (6th Cir. 1990) (concluding doctor's report based upon plaintiff's subjective complaints did not constitute objective medical evidence). The other medical evidence in the record established that the information upon which Dr. Stewart's opinion was partially based was false, thereby

5

rendering Dr. Stewart's conclusions unreliable.  Consequently, the ALJ did not err in partially rejecting Dr. Stewart's medical opinion.[1]

Second, Plaintiff's assertion that the ALJ was required to provide "a proper explanation" for his rejection of Dr. Stewart's opinion is incorrect.  There exists no regulation which required the ALJ to explain how much weight he assigned to Dr. Stewart's opinion.  Recently, in *Smith v. Commissioner of Social Security*, 482 F.3d 873 (6th Cir. 2007), the Sixth Circuit held that the Social Security Act's requirement that ALJs "give good reasons" for the weight given to medical opinions applies only to *treating* sources.  *Id.* at 876.  In reaching this conclusion, the Sixth Circuit emphasized that the applicable regulations classify medical sources into three types - nonexamining sources, nontreating sources, and treating sources - in recognition "that not all medical sources need be treated equally . . . ."  *Id.* at 875.  Therefore, although the Social Security Administration promises claimants that ALJs "will evaluate every medical opinion [they] receive," 20 C.F.R. §§ 404.1527(d), 416.927(d), the promise to articulate "good reasons" for the weight given to a medical opinion extends only to the opinions of treating sources.  *See Smith*, 482 F.3d at 876.

As a one-time consultative psychological examiner, Dr. Stewart is properly classified

---

[1] Plaintiff also argues briefly that because the ALJ rejected Dr. Stewart's opinion "there is no evidentiary support in the record for the Administrative Law Judge's decision." (Doc. #11 at 4).  This is a specious assessment of the medical evidence contained in the record as a whole, and the medical basis of the ALJ's assessment of Plaintiff's limitations.  Dr. Stewart's opinion was not the only medical evidence in the record; on the contrary, the record contains hundreds of pages of medical records from the University of Kentucky Medical Center, the Comprehensive Care Center, and reports from other doctors - such as ophthalmologist James W. Matthews - who examined Plaintiff and evaluated his exertional and non-exertional limitations.  Therefore, this Court rejects Plaintiff's assertion that, without Dr. Stewart's opinion, the record was completely devoid of any medical evidence which could support the ALJ's conclusion that Plaintiff is not disabled.

as a nontreating source under the regulations. 20 C.F.R. §§ 404.1502, 416.902 ("Nontreating source . . . includes an acceptable medical source who is a consultative examiner for us, when the consultative examiner is not your treating source."). Consequently, although the ALJ did explain the reasons behind his rejection of Dr. Stewart's opinion, he was not required under the regulations to do so.

### 2. The ALJ's Treatment of Plaintiff's Past Drug and Alcohol Abuse

Plaintiff's second argument on appeal is that the ALJ erred in failing to evaluate Plaintiff's claim under 20 C.F.R. §§ 404.1535, 416.935. Specifically, Plaintiff argues that the ALJ erred in using Plaintiff's past substance abuse to make a negative credibility assessment of the Plaintiff without first applying the two-step evaluation detailed in sections 404.1535 and 416.935.

Plaintiff's reliance upon these regulations is misplaced; because the ALJ found the Plaintiff to be not disabled, sections 404.1535 and 416.935 do not apply. The regulations state in relevant part: "If we find *that you are disabled* and have medical evidence of your drug addiction or alcoholism, we must determine whether your drug addiction or alcoholism is a contributing factor material to the determination of disability." 20 C.F.R. §§ 404.1535, 416.935 (emphasis added). These regulations make clear that, because the ALJ found Plaintiff not to be under a disability as defined by the regulations, he was not required to evaluate whether Plaintiff's prior substance abuse was a "material contributing factor." Therefore, the ALJ did not err in evaluating Plaintiff's claim without undertaking the two-part analysis detailed in 20 C.F.R. §§ 404.1535, 416.935.

### III. CONCLUSION

The record contains ample evidence supporting the ALJ's RFC determination and his finding that the Plaintiff is not disabled. Although the record contains differing opinions as to the effect of Plaintiff non-exertional limitations, the Court finds that the ALJ properly performed his duty as trier of fact in resolving the conflicts in the evidence. *See Richardson v. Perales*, 402 U.S. 389, 399 (1971). Accordingly for the reasons stated,

**IT IS ORDERED** that the decision of the Commissioner is found to be supported by substantial evidence and is hereby **AFFIRMED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment (Doc. #11) is hereby **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment (Doc. # 12) is hereby **GRANTED**.

A judgment affirming this matter will be entered contemporaneously herewith.

This 17th day of August, 2009.



Signed By:
*David L. Bunning*
**United States District Judge**

G:\DATA\SocialSecurity\MOOs\5-08-355-SlusherMOO.wpd